**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| MAURICE S. JORDAN, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-1673 |
| | § | |
| SONY BMG MUSIC | § | |
| ENTERTAINMENT, INC., *et al.*, | § | |
|     Defendants. | § | |

**MEMORANDUM AND ORDER**

This case is before the Court on the Motion to Dismiss or Compel Arbitration [Doc. # 6] filed by Defendant Sony BMG Music Entertainment, Inc. ("Sony"), to which Plaintiff Maurice S. Jordan p/k/a "Kenoe" filed a Response [Doc. # 10]. Based on the Court's review of the record and the application of governing legal authorities, the Court concludes that this dispute must be stayed while the matter is referred to arbitration. Consequently, the Court **denies** the Motion to Dismiss and **grants** the Motion to Compel Arbitration.

**I.  FINDINGS OF FACT**

Plaintiff composes music and, on occasion, works as a music producer. In July 2000, Plaintiff composed melodies that he alleges became the underlying melodies for the songs *8 Rulez*, *Haters Still Mad*, and *We Ain't Scared* (the "Songs"). In 2002, the

Songs were released as part of the album *Undaground Legend* (the "Album"), recorded by Defendant Wesley Eric Weston under the name "Lil Flip." The other Defendants played various roles in the production and release of the Album.

In May 2002, prior to the release of the Album, Plaintiff entered into a Production Services Agreement (the "Agreement") with Defendant Weston through Defendant Suckafree Records. In the Agreement, which is attached as Exhibit 1 to Plaintiff's Complaint [Doc. # 1], Plaintiff and Weston agreed to "submit any dispute between them that cannot be resolved by good faith negotiation for binding arbitration to the American Arbitration Association." *See* Agreement, ¶ 3. The Agreement also provided for a $3,000.00 "advance against royalties due to [Plaintiff]." *Id.*, ¶ 2.

Suckafree Records then sent a letter to Defendant Sony authorizing Sony to make payments to Plaintiff directly. *See* Letter to Sony Music from Suckafree Records, Exh. 2 to Complaint.

Plaintiff alleges that in 2003, derivative versions of the Songs were released as part of another Weston album, *Lil Flip and Sucka Free Present: 7-1-3 and the Undaground Legend*.

Plaintiff alleges that Defendants failed to pay him fully for his production services on the Songs. Plaintiff filed this lawsuit on May 16, 2006, asserting causes of action against Sony and the other Defendants for breach of the Agreement, for a

declaratory judgment of joint authorship/ownership of the Songs, for an accounting, for fraud, for negligent misrepresentation, and for a violation of the Texas Theft Liability Act. Sony is the only Defendant who has been served. Sony moved to dismiss or to compel arbitration pursuant to the arbitration provision in the Agreement. The motion is now ripe for decision.

## II.   ANALYSIS

"Arbitration is 'a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit.'" *PaineWebber Inc. v. The Chase Manhattan Private Bank (Switzerland)*, 260 F.3d 453, 462 (5th Cir. 2001) (quoting *United Steelworkers of Amer. v. Warrior & Gulf Nav. Co.*, 363 U.S. 574, 582 (1960)). Therefore, the Court must first determine whether there is a valid agreement between the parties to arbitrate their dispute. *See Banc One Acceptance Corp. v. Hill*, 367 F.3d 426, 429 (5th Cir. 2004). "Although there is a strong federal policy favoring arbitration, this federal policy favoring arbitration does not apply to the determination of whether there is a valid agreement to arbitrate between the parties." *Will-Drill Resources, Inc. v. Samson Resources Co.*, 352 F.3d 211, 214 (5th Cir. 2003) (internal quotations and citations omitted). In deciding whether the parties entered into a valid agreement to arbitrate, the Court applies general contract principles. *Id.*

A party to an arbitration agreement may be ordered to arbitrate claims against a non-signatory to the agreement when the signatory must rely on the terms of the written agreement in asserting his claims. *See Brown v. Pacific Life Ins. Co.*, __ F.3d __, 2006 WL 2424749, *8 (5th Cir., Aug. 23, 2006); *Westmoreland v. Sadoux*, 299 F.3d 462, 467 (5th Cir. 2002). This is true because "equity does not allow a party to seek to hold the non-signatory liable pursuant to duties imposed by the agreement, which contains an arbitration provision, but, on the other hand, deny arbitration's applicability because the defendant is a non-signatory." *Brown*, 2006 WL 2424749, *8 (internal quotations omitted) (citing *Washington Mut. Fin. Group, LLC v. Bailey*, 364 F.3d 260, 263 (5th Cir. 2004) (stating that a plaintiff should not be able to claim the benefit of a contract and simultaneously avoid its burdens)). Indeed, a signatory plaintiff who opposes arbitration can be compelled to arbitrate because he "had expressly agreed to arbitrate claims of the very type that [he] asserted against the nonsignatory." *Id.*

In this case, Plaintiff is a signatory to the Agreement containing the arbitration clause, and sued Sony based on the Agreement and the relationships covered by it. As a result, although Sony is not a signatory to the Agreement, it can compel arbitration of Plaintiff's claims covered by the Agreement.

The arbitration provision in the Agreement is extremely broad, covering "any dispute" between the parties. "As a result, any litigation arguably arising under such a clause should be stayed pending the arbitrator's decision as to whether the dispute is covered." *Texaco Exploration and Prod. Co. v. AmClyde Engineered Prods. Co., Inc.*, 243 F.3d 906, 909 (5th Cir. 2001). Plaintiff's claims against Sony all arise out of or relate to the Agreement and the associated releases of albums containing the Songs. As a result, the claims are subject to the arbitration agreement and it is the arbitrator who will determine whether any of Plaintiff's claims are not covered by the Agreement.

### III.  CONCLUSION AND ORDER

Plaintiff sued Sony and others based on an Agreement that included an arbitration provision covering any dispute that cannot be amicably resolved. Because Plaintiff's claims against Sony rely on that Agreement, Sony can seek to compel arbitration under the Agreement. Accordingly, it is hereby

**ORDERED** that Sony's Motion to Compel Arbitration [Doc. # 6] is **GRANTED** and the alternative Motion to Dismiss is **DENIED WITHOUT PREJUDICE** to the issues being raised during the arbitration. It is further

**ORDERED** that Plaintiff's claims against Defendant Sony are **STAYED** pending the completion of the arbitration covered by this Memorandum and Order.

SIGNED at Houston, Texas, this **11th** day of **September, 2006**.

                                                      _____
                                                                     Nancy F. Atlas
                                                            United States District Judge