IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MAURICE S. JORDAN, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-1673 |
| | § | |
| SONY BMG MUSIC | § | |
| ENTERTAINMENT, INC., *et al.*, | § | |
|     Defendants. | § | |

### MEMORANDUM AND ORDER

This case is before the Court on the assertion by Defendant Sony BMG Music Entertainment, Inc. ("Sony") that certain documents are privileged from disclosure in discovery. Plaintiff Maurice Jordan filed a Submission Regarding Sony's Claims to Privilege [Doc. # 71], and Sony filed two memoranda [Docs. # 73 and # 76] in support of its privilege claims. Based on the Court's *in camera* review of the documents covered by Sony's Amended Privilege Log and the application of governing legal authorities, the Court issues the following ruling on Sony's privilege claims.

### I.   BACKGROUND

Plaintiff composes music and, on occasion, works as a music producer. In July 2000, Plaintiff composed melodies that he alleges became the underlying melodies for songs later released as part of an album recorded by Defendant Wesley Eric Weston under the name "Lil Flip." The other Defendants played various roles in the

production and release of the album. Plaintiff alleges that Defendants failed to pay him fully for his production services on the songs in question.

During discovery, Sony claimed that certain documents were privileged and should not be disclosed. Sony provided a Privilege Log and submitted the subject documents for *in camera* review by the Court. The Court has completed its review of the documents and rules as follows on Sony's claims of privilege.

## II. **APPLICABLE LEGAL STANDARDS**

Sony asserts that certain documents are protected by the attorney-client privilege and/or the work product privilege. The party asserting a privilege has the burden to demonstrate that the privilege exists under the circumstances presented. *See In re Santa Fe Intern. Corp.*, 272 F.3d 705, 710 (5th Cir. 2001).

The attorney-client privilege protects confidential communications between a client and his attorneys when the communications are made for the purpose of obtaining professional legal services. *See International Ins. Co. v. RSR Corp.*, 426 F.3d 281, 299 (5th Cir. 2005). "A communication is only 'confidential' for the purposes of the attorney-client privilege if it is not intended to be disclosed to a third party." *Id.* at 299, n. 27.

"The work product privilege applies to documents 'prepared in anticipation of litigation.'" *In re Kaiser Aluminum and Chem. Co.*, 214 F.3d 586, 593 (5th Cir. 2000).

The privilege can apply even if litigation is not imminent, "as long as the primary motivating purpose behind the creation of the document was to aid in possible future litigation." *Id.* (citing *United States v. El Paso Co.*, 682 F.2d 530, 542 (5th Cir. 1982)). A party seeking discovery can overcome the work product privilege by showing that the party "has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means." *In re E.E.O.C.*, 207 F. App'x. 426, 433 (5th Cir. 2006) (quoting FED. R. CIV. P. 26(b)(3)). The work product privilege is also subject to a crime-fraud exception pursuant to which the privilege is overcome when the work product "is intended to further continuing or future criminal or fraudulent activity." *Id.* at 434.

### III.   ANALYSIS AND ORDER

Sony originally listed 17 documents on its Amended Privilege Log, but subsequently withdrew the privilege claim as to Documents 6-10. It is the Court's understanding that those documents have been (or will soon be) produced to Plaintiff.

Sony also partially produced Documents 4 and 5, and the Court agrees that only the portion of those two documents containing communications between Joseph Salvo (Sony's Senior Counsel) and Honora Bauman (Sony's Director of Copyright and Production Administration) are privileged.

Documents 1 and 2 are privileged and need not be produced.

Document 3 was sent to Suckafree Records, Inc., a party whose interests are not aligned with Sony's and who has asserted a cross-claim against Sony in this lawsuit. Document 3 is, therefore, not privileged and must be produced.

Document 11 is privileged except for the portion from Gregory Eveline, Plaintiff's former attorney. Only the Eveline portion must be produced.

Document 12 is a communication from Plaintiff's prior attorney to a Sony executive and is not privileged. It must be produced.

Documents 13-16 are privileged and need not be produced.

Document 17 contains an email that is covered by the attorney-client privilege and an attached contract that is not privileged.

Based on the foregoing, it is hereby

**ORDERED** that Sony's claims of privilege are **sustained in part and overruled in part** as described herein.

SIGNED at Houston, Texas, this **11th** day of **June, 2008**.

_____
Nancy F. Atlas
United States District Judge