IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MAURICE S. JORDAN, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-06-1673 |
| § | | |
| SONY BMG MUSIC § | | |
| ENTERTAINMENT, INC., *et al.*, § | | |
| Defendants. § | | |

## **MEMORANDUM AND ORDER**

Pending before the Court is a Motion for Default Judgment Against Sony BMG Music Entertainment, Inc. and Request for Hearing [Doc. # 131] ("Defendants' Motion"), filed by Defendants Suckafree Records, Inc., Estelle Hobbs, and Hobbs Publishing (collectively "Defendants").[1] Upon review of the parties' submissions, all pertinent matters of record, and applicable legal authorities, the Court concludes that Defendants' Motion should be **denied**.

On February 14, 2008, Defendants filed an Amended Answer and Cross-Claim Against Sony BMG Music Entertainment, Inc. [Doc. # 56] ("Cross-Claim"). Under Federal Rule of Civil Procedure 12(a)(1)(B), a defendant must serve an answer to a crossclaim within 20 days of being served with the pleading that states the crossclaim.

---

[1] Sony BMG Music Entertainment, Inc. ("Sony") has responded [Doc. # 133].

Sony has admittedly failed to file an answer or direct pleading in opposition to the crossclaim, and the time to do so has expired. Accordingly, pursuant to Rule 55(a), Defendants seeks entry of a default judgement against Sony. Sony responds that a default judgment is inappropriate in the case at bar.

A claimant is not entitled to a default judgment as a matter of right even if the defendant is technically in default. *Settlement Funding, LLC v. TransAmerican Occidental Life Ins. Co.*, __ F.3d __, 2009 WL 73868, at * 2 (5th Cir. Jan. 13, 2009) (citing *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001)). "Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Lewis*, 236 F.3d at 767 (quoting *Sun Bank of Ocala v. Pelican Homestead and Savings Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989)).

The case at bar does not present any "extreme situation." Sony has actively participated in this litigation and the discovery process. Defendants' crossclaim was intimately intertwined with Plaintiff's claims against Sony, claims which Sony vigorously and actively contested. Therefore, Sony's failure to file an answer or pleading with respect to Defendants' crossclaim did not demonstrate an intent not to contest the suit. Furthermore, abeit untimely, Sony has filed a responsive pleading, specifically a Motion to Dismiss Defendants' Cross-Claim [Doc. # 132], prior to entry of a default judgment. *See Sun Bank*, 874 F.2d at 277 ("the filing of a motion to

dismiss is normally considered to constitute an appearance"). Accordingly, it is hereby

**ORDERED** that Defendants' Motion [Doc. # 131] is **DENIED**.

SIGNED at Houston, Texas, this **23rd** day of **January, 2009**.

_____
Nancy F. Atlas
United States District Judge