IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MAURICE S. JORDAN, | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-1673 |
| | § | |
| SONY BMG MUSIC | § | |
| ENTERTAINMENT, INC., *et al.*, | § | |
|    Defendants. | § | |

## **MEMORANDUM AND ORDER**

Pending before the Court is a Motion to Dismiss Cross-Claim [Doc. # 132] ("Sony's Motion"), filed by Cross-Defendant Sony BMG Music Entertainment, Inc. ("Sony"). Suckafree Records, Inc. ("SRI"), Estelle Hobbs, and Hobbs Publishing have responded [Doc. # 134].[1] Sony has also filed a Request for Judicial Notice and Rule 12(d) Conversion [Doc. # 139] ("Conversion Request").[2] Upon review of the parties' submissions, all pertinent matters of record, and applicable legal authorities, the Court concludes that Sony's Motion and Conversion Request should be **denied**.

---

[1] Sony has replied [Doc. # 138], and SRI has filed a sur-reply [Doc. # 140]. The response and sur-reply were purportedly filed on behalf of the three Defendants, but the original cross-claim only identifies SRI as the cross-claimant. Furthermore, the Response [Doc. # 134] specifically identifies SRI as having filed the crossclaim and does not reference Estelle Hobbs or Hobbs Publishing.

[2] SRI's Sur-Reply [Doc. # 140] responds to Sony's Conversion Request.

## I.     FACTUAL BACKGROUND

On February 14, 2008, SRI filed an Amended Answer and Cross-Claim Against Sony [Doc. # 56] ("SRI's Cross-Claim").  SRI's crossclaims seek recovery for breach of contract, fraud, and negligent misrepresentation.  Sony has moved to dismiss SRI's crossclaims under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.  Sony contends that SRI's crossclaims are merely derivative of the claims asserted by Plaintiff Maurice Jordan ("Jordan"), that the Court granted Sony summary judgment on Jordan's claims [Doc. # 113], and that, therefore, SRI's derivative claims must be dismissed.

## II.    LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) for failure to state a claim is viewed with disfavor and is rarely granted.  *Priester v. Lowndes County*, 354 F.3d 414, 418 (5th Cir. 2004) (citing *Lowrey v. Tex. A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997)).  The complaint must be liberally construed in favor of the plaintiff and all well-pleaded facts taken as true.  *See Erickson v. Pardus*, __ U.S. __, 127 S. Ct. 2197, 2200 (2007) ("[A] judge must accept as true all of the factual allegations contained in the complaint." (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007) (internal citations omitted)).  A claim may only be dismissed if the plaintiff is not entitled to relief under any set of facts or any possible theory of

recovery that he could prove consistent with the allegations in his complaint. *Priester*, 354 F.3d at 418 (citing *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)).

### III.   ANALYSIS

#### A.   Breach of Contract Claim

SRI's pleading with respect to its breach of contract crossclaim is not a model of clarity. However, for purposes of a motion to dismiss, the Court is required to liberally construe the crossclaim in favor of SRI, the Cross-Plaintiff. *See Erickson*, 127 S. Ct. at 2200. The Court interprets SRI's implied contract crossclaim to allege simply that there was an implied contract between SRI and Sony whereby Sony agreed to pay the obligations SRI owed to Jordan under the Producer Agreement, a contract between SRI and Jordan.[3]

Sony's sole argument is that the Court has disposed of SRI's breach of contract crossclaim as a matter of law in prior proceedings in this case. This argument is unpersuasive. In the Memorandum and Order granting Sony summary judgment on

---

[3]  SRI's descriptions of its crossclaim in SRI's Response, [Doc. # 134], at 2 ("Suckafree Records, Inc. then crossed claimed the Defendant[s], Sony BMG Music Entertainment, Inc. and Loud Records[,] for their failure under the Suckafree Records, Inc., Sony BMG Music Entertainment, Inc. and Loud Records contracts."), and in its Sur-Reply, [Doc. # 140], at 3 ("[T]he Cross-Claimant's implied contract with Sony is further evidenced by the actual contractual agreements between [SRI] and [Sony], which have not been examined to determine if [Sony] has any liability toward [SRI] for any breaches of contract that may be asserted in this case."), are vague and imprecise. To the extent SRI seeks to broaden its crossclaim to include other contracts, the effort is rejected. It is far too late to amend pleadings at this time.

Jordan's claims [Doc. # 113], the Court did not reach the issue of whether there was an implied contract between **_SRI and Sony_**.  Rather, the Court only determined that there was no implied contract between Jordan and Sony.  Because SRI's crossclaim for breach of an implied contract rests on a distinct factual basis from Jordan's previously dismissed claims, the Court denies Sony's Motion with respect to SRI's crossclaim for breach of an implied contract.[4]

### B.     Fraud and Negligent Misrepresentation Claims

With respect to SRI's fraud and negligent misrepresentation crossclaims, Sony simply argues that the Court has disposed of these claims as a matter of law.  This argument is unsupported by the record.  In the Memorandum and Order granting Sony summary judgment on Jordan's claims [Doc. # 113], the Court dismissed Jordan's fraud and negligent misrepresentation claims because Jordan did not raise a genuine fact issue that Sony had made any fraudulent or negligent representations **_to Jordan_**.  However, SRI's crossclaims allege that Sony made fraudulent and/or negligent representations **_to SRI_**.  SRI's fraud crossclaim expressly states that Sony made material false representation to SRI.[5]  SRI's negligent misrepresentation crossclaim

---

[4]    This ruling, of course, is not a determination of the viability of SRI's crossclaim for breach of an implied contract.

[5]    SRI's Cross-Claim [Doc. # 56], ¶ 95.

more generally alleges that the misrepresentation was information communicated by Sony to SRI.[6]

Because SRI's fraud and negligent misrepresentation crossclaims against Sony rest on a distinct factual basis from Jordan's previously dismissed claims, Sony's Motion is denied with respect to SRI's fraud and negligent misrepresentation crossclaims.

## IV. CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that Sony's Motion [Doc. # 132] is **DENIED**.  It is further

**ORDERED** that Sony's Conversion Request [Doc. # 139] is **DENIED**.

SIGNED at Houston, Texas, this 28th day of **January, 2009**.

Nancy F. Atlas
United States District Judge

---

[6]    *Id.* ¶¶ 101, 102, 103.