IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MAURICE S. JORDAN, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-1673 |
| | § | |
| SONY BMG MUSIC | § | |
| ENTERTAINMENT, INC., *et al.*, | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Pending before the Court is a Motion to Strike Sony BMG Music Entertainment, Inc.'s Answer to Suckafree Records, Inc. Cross Claim [Doc. # 147] ("SRI's Motion"), filed by Cross-Plaintiffs Suckafree Records, Inc. ("SRI"), Estelle Hobbs, and Hobbs Publishing.[1] SRI filed a crossclaim [Doc. # 57] against Sony BMG Music Entertainment, Inc. ("Sony") on February 14, 2008.  Sony did not file its answer or affirmative defenses to the crossclaim [Doc. # 146] until February 2, 2009.

Regarding Sony's denial of crossclaim allegations, SRI's Motion essentially asks the Court to grant a default judgment against Sony.  The Court has previously

---

[1]  Counsel for the purported Cross-Plaintiffs is reminded that the Court has determined that the original cross-claim [Doc. # 56] identifies ***only*** SRI as a cross-claimant. *See* Memorandum and Order Denying Sony's Motion for Default [Doc. # 144], at 1 n.1. SRI's crossclaim raises simply the issues of whether there was an implied contract between SRI and Sony, or whether Sony made any fraudulent and/or negligent misrepresentations to SRI. These issues were not addressed by Court's previous Memorandum and Order [Doc. # 113] dismissing Jordan's claims against Sony.

denied SRI's Motion for Default Judgment [Doc. # 143] and the Court will not revisit the issue.  Sony has implicitly throughout this case contested SRI's and Jordan's positions that Sony owes them money.  Sony's denials of SRI's crossclaim allegations, however, were filed in writing only belatedly.  SRI has not demonstrated any prejudice arising from the lack of a formal answer by Sony.

Sony's affirmative defenses, however, are on a different footing.  Sony's defensive theories, such as statute of limitations, laches, res judicata, and collateral estoppel, raise new affirmative issues on which SRI was not given timely notice.[2] Sony was served with SRI's crossclaim on February 14, 2008.  Under the Federal Rules of Civil Procedure and this Court's Docket Control Order, Sony had 20 days thereafter to assert affirmative defenses.  *See* Docket Control Order [Doc. # 51]; FED. R. CIV. P. 12(a)(1)(B).[3]  Sony has given no good cause for delaying until February 2009 to file affirmative defenses (or its written answer).  This case has been pending well over two and a half years.  Discovery in this case closed on September 15, 2008.

---

[2]     Sony also asserts a boilerplate affirmative defense that SRI's counterclaim(s) fail to state a claim on which relief may be granted.  This allegation is too general for the Court to address at this stage.

[3]     The Court flatly rejects Sony's assertion that it timely filed its answer in accordance with Rule 12(a)(4)(A).  Rule 12(a)(4)(A) does not toll the period of time enumerated in Rule 12(a) if a Rule 12 motion is not filed prior to the expiration of the time enumerated in Rule 12(a).  Filing a motion to dismiss 10 months after an answer was due and then filing an answer within 10 days of the Court's decision on that motion does not make Sony's answer timely filed.

The parties' Joint Pretrial Order is due February 23, 2009, and Docket Call is on February 27.

Sony has provided no basis for granting leave to amend these Docket Control Order deadlines.  Rule 16(b) governs the amendment of pleadings after a scheduling order's deadline to amend has expired.  *See  S & W Enters., LLC v. Southtrust Bank of Ala., NA,* 315 F.3d 533, 535 (5th Cir. 2003).  Rule 16(b) provides that after a scheduling order has been entered, it "may be modified only for good cause and with the judge's consent."  *Id.*  The party seeking relief must "show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Id.*  The party seeking a post-deadline amendment "must show good cause for not meeting the deadline before the more liberal standard of Rule 15(a) will apply to the district courts's denial of leave to amend." *Id.* (citing *Southwestern Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003)).  "Four factors are relevant to good cause:  '(1) the explanation for the failure to timely move for leave to amend;  (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice.'" *Id.* (quoting *Southwestern Bell Tel. Co.,* 346 F.3d at 546).  Sony simply supplies no information or reasons to extend the Court's deadlines.  Moreover, Sony fails to show diligence in this regard.

Even under the more liberal standard of Rule 15(a), Sony nevertheless would not be entitled to file its answer containing affirmative defenses.[4] Rule 15(a) provides that leave to amend pleadings "shall be freely given when justice so requires." FED. R. CIV. P. 15(a); *Price v. Pinnacle Brands, Inc.*, 138 F.3d 602, 607-08 (5th Cir. 1998). The Fifth Circuit has concluded that Rule 15(a) "evinces a bias in favor of granting leave to amend." *Goldstein v. MCI WorldCom*, 340 F.3d 238, 254 (5th Cir. 2003) (citations omitted). However, leave to amend is by no means automatic, and the decision to grant or deny leave to amend "is entrusted to the sound discretion of the district court." *Lyn-Lea Travel Corp. v. American Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002) (citations and internal quotation marks omitted); *accord Goldstein*, 340 F.3d at 254; *Parish v. Frazier*, 195 F.3d 761, 763 (5th Cir. 1999); *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993); *Little v. Liquid Air Corp.*, 952 F.2d 841, 845–46 (5th Cir. 1992), *aff'd*, 37 F.3d 1069, 1073 n.8 (5th Cir. 1994) (*en banc*). In deciding whether to grant leave to file an amended pleading, the district court "may consider such factors as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." *Wimm*, 3 F.3d at 139 (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)) (leave to amend denied

---

[4]     It is unclear if this relief is requested, but the Court reaches the issue in the interest of judicial economy, as the parties' joint pretrial order is due shortly.

because of bad faith and dilatory motive); *Goldstein*, 340 F.3d at 254; *United States v. Humana Health Plan of Texas Inc*, 336 F.3d 375, 386-87 (5th Cir. 2003) (denying leave where plaintiff failed to correct deficiencies through two prior amendments). Sony's waiting until after the close of discovery to file its affirmative defenses constitutes unjustified and undue delay.  Leave to amend, were it sought, would be denied.

The parties are reminded that to the extent documents were not produced as part of Rule 26 initial disclosures or in discovery, the documents will not be received in evidence at trial.

Accordingly, it is hereby

**ORDERED** that SRI's Motion [Doc. # 147] is **DENIED** with respect to Sony's denials of the crossclaim's allegations.  It is further

**ORDERED** that SRI's Motion [Doc. # 147] is **GRANTED** with respect to **Sony's affirmative defenses**, which are hereby **STRICKEN**.

SIGNED at Houston, Texas, this **11th** day of **February, 2009**.

Nancy F. Atlas
United States District Judge