# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| MAURICE S. JORDAN, § | |
|     Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. H-06-1673 |
| § | |
| SONY BMG MUSIC § | |
| ENTERTAINMENT, INC., *et al.*, § | |
|     Defendants. § | |

## MEMORANDUM AND ORDER

Pending before the Court is a Motion for Attorneys' Fees [Doc. # 129] ("Weston's Motion") filed by Defendant Wesley Eric Weston ("Weston") seeking fees from Plaintiff Maurice S. Jordan (p/k/a "Kenoe") ("Jordan"). Jordan has responded [Doc. # 145]. Upon review of the parties' submissions, all pertinent matters of record, and applicable law, the Court concludes that Weston's Motion should be **granted in part** and **denied in part**. In the exercise of its discretion, the Court declines to award Weston attorneys' fees. The Court does, however, award Weston costs totaling $1,121.65.

## I.  GENERAL FACTUAL AND PROCEDURAL BACKGROUND

The factual background of this case has been set forth fully in the Court's prior opinions. Briefly, Jordan entered into a "Production Services Agreement" with Defendant Suckafree Records, Inc. ("SRI") to produce three recordings for Defendant

Wesley Eric Weston ("Weston"). These songs were later released in August 2002 as part of an album, *Undaground Legend*, recorded by Weston, performing under the name "Lil' Flip." This album was released under a Distribution Agreement between Sony and SRI. On May 16, 2006, Jordan filed suit against the various defendants, seeking to recover royalties allegedly owed to him on the *Undaground Legend* album. Against Weston, Jordan asserted a breach of contract claim, a copyright infringement claim, copyright co-ownership and accounting claims, fraud and negligent misrepresentation claims, and a Texas Theft Liability Act claim. By Memorandum and Order [Doc. # 115] on December 5, 2008, the Court dismissed Jordan's claims against Weston.

On December 15, 2008, Weston filed a Bill of Costs [Doc. #120] seeking to recover costs of $1,121.65. Subsequently on January 9, 2009, Weston filed his pending Motion [Doc. # 129], seeking to recover $24,243.75 in attorneys' fees pursuant to Federal Rule of Civil Procedure 54 and 17 U.S.C. § 505. Jordan argues that Weston is not entitled to attorneys' fees because the fee request is excessive and unsupported and because Weston cannot show that his case was frivolous, objectively unreasonable, or brought with questionable motivation. Jordan also challenges Weston's request for costs.

## II.     ANALYSIS

### A.     Weston's Attorneys' Fees

#### 1.     Legal Standard

In an action under the Copyright Act, the Court may award the "prevailing party" reasonable attorneys' fees. *See* 17 U.S.C. § 505. Attorneys' fees are to be awarded to the prevailing party only as a matter of the Court's discretion. *See Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994). While an award of attorneys' fees to a prevailing party is "the rule rather than the exception and should be awarded routinely," *Positive Black Talk Inc. v. Cash Money Records, Inc.*, 394 F.3d 357, 380 (5th Cir. 2004), recovery of attorneys' fees is not automatic, *Virgin Records Am., Inc. v. Thompson*, 512 F.3d 724, 726 (5th Cir. 2008) (citing *Fogerty*, 510 U.S. at 534). The Supreme Court has listed several non-exclusive factors that a court may consider in exercising its discretion to award attorneys' fees under § 505: "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Fogerty*, 510 U.S. at 534 n.19; *see also Thompson*, 512 F.3d at 726.

### 2.     Whether an Award of Attorneys' Fees is Appropriate under § 505

Weston argues that Jordan's claims were frivolous and objectively unreasonable because the Court dismissed Jordan's claims on summary judgment.[1] Weston asserts that a number of Jordan's theories "stretched beyond rational advocacy."[2]  With respect to Jordan's claims under the Copyright Act, the sole basis for Weston's request for attorneys' fees under § 505, the Court disagrees with Weston's position. Jordan's arguments in favor of his Copyright Act claims, while ultimately not accepted by the Court, were nonetheless advanced in good faith.  The issues raised in Jordan's Copyright Act claims were complicated and a number of the issues had not previously been clearly addressed by relevant Fifth Circuit precedent.  For example, the Fifth Circuit has not determined the effect of a license covering only a sound recording on an infringement claim based solely on an underlying musical composition.  Furthermore, resolution of Jordan's copyright co-ownership and accounting claims turned on a point of law that the Fifth Circuit has not addressed and which is currently the subject of a split in circuit authority.  Contrary to Weston's argument, the Court does not find legal or factual unreasonableness in the record with

---

[1]  Weston's Motion does not specifically argue that Jordan's claims were improperly motivated, or that there is a need in these particular circumstances to advance considerations of compensation and deterrence.

[2]  Weston's Motion [Doc. # 129], at 6.

respect to Jordan's claims under the Copyright Act. The Court concludes that this *Fogerty* factor does not weigh in favor of an award of attorneys' fees.

Furthermore, having examined the record in this case, the Court finds no evidence that Jordan's motivation in bringing the suit was improper or that it was motivated by subjective bad faith. The Court also concludes that awarding Weston attorneys' fees would not advance considerations of compensation and deterrence because Jordan brought an objectively reasonable suit. In total, the Court concludes that none of the *Fogerty* factors weigh in favor of an award of attorneys' fees.

Finally, Weston advances two arguments in favor of an award of attorneys' fees apart from the non-exclusive *Fogerty* factors. First, Weston argues that Jordan "continued to assert the same meritless claims even after their rejection in the *Howard* companion case."[3] Despite Weston's continued insistence throughout the course of this case that the *Howard* decision mandated dismissal of Jordan's claims, the *Howard* decision was materially factually distinguishable from the case at bar and the *Howard* decision was not controlling on the Court. Weston's argument in this regard does not weigh in favor of an award of attorneys' fees. Second, Weston argues that his request for attorneys' fees is supported by Jordan's refusal to accept Weston's settlement offer. Jordan had rational economic and legal bases for his decision. The Court

---

[3]  Weston's Motion [Doc. # 129], at 6.

concludes that there is an inadequate basis to support an award of attorneys' fees on Jordan's Copyright Act claims.

Considering the *Fogerty* factors and the other factors advanced by Weston in support of his request for attorneys' fees, the Court concludes that Weston's request for attorneys' fees under § 505 should be denied. The Court exercises its discretion and denies Weston's Motion with respect to the request for attorneys' fees.

### B.    Weston's Costs

Rule 54(d) of the Federal Rules of Civil Procedure states that "costs—other than attorney's fees—should be allowed to the prevailing party." FED. R. CIV. P. 54(d). Indeed, the Fifth Circuit strongly presumes that costs will be awarded to a prevailing party. *See Energy Mgmt. Corp. v. City of Shreveport*, 467 F.3d 471, 483 (5th Cir. 2006) (citing *Salley v. E.I. DuPont de Nemours & Co.*, 966 F.2d 1011, 1017 (5th Cir. 1992)). In general, federal courts may award only those costs itemized in 28 U.S.C. § 1920, unless there is explicit statutory or contractual authorization to the contrary. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 444–45 (1987); *see also Mota v. Univ. of Tex. Hou. Health Sci. Ctr.*, 261 F.3d 512, 529 (5th Cir. 2001). Furthermore, in an action under the Copyright Act, the Court "in its discretion may allow the recovery of full costs by or against any party." 17 U.S.C. § 505.

Weston seeks to recover $1,121.65 in costs.[4] Jordan objects to these costs for the same reasons that he objected to Weston's recovery of attorneys' fees. Having reviewed Weston's requested costs, the Court concludes that all were necessary, appropriate, and supported by appropriate documentation. Accordingly, the Court exercises its discretion to award Weston costs of $1,121.65.

### III. CONCLUSION

Based on the foregoing, it is hereby

**ORDERED** that Weston's Motion for Attorneys' Fees [Doc. # 129] is **GRANTED in part** and **DENIED in part**. Weston is awarded costs totaling $1,121.65. Weston is not awarded attorneys' fees.

SIGNED at Houston, Texas this 4th day of **June, 2009.**

_____
Nancy F. Atlas
United States District Judge

---

[4] *See* Bill of Costs [Doc. # 120].