# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| MAURICE S. JORDAN, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-1673 |
| | § | |
| SONY BMG MUSIC | § | |
| ENTERTAINMENT, INC., | § | |
|     Defendant. | § | |

## MEMORANDUM AND ORDER

Plaintiff Maurice S. Jordan (p/k/a "Kenoe") ("Jordan") participated in the creation of the songs *8 Rulez*, *Haters Still Mad*, and *We Ain't Scared* (collectively, the "Songs"). The Songs appeared on a 2002 album, *Undaground Legend* ("2002 Album") and on a 2003 album, *Lil' Flip and Sucka Free Present: 7-1-3 and the Undaground Legend* ("2003 Album"). The case is before the Court on remand from the United States Court of Appeals for the Fifth Circuit for a determination whether there are "two independent sound recordings" or whether one sound recording is included on both albums.[1]

---

[1] Sony argues that Plaintiff has never claimed an ownership interest in the sound recordings on the albums. Both this Court and the Fifth Circuit have understood that Plaintiff was claiming an ownership interest in the sound recordings. *See Jordan v. Sony BMG Music Entertainment Inc.*, 2009 WL 4609845, *2 (5th Cir. Dec. 8, 2009) ("Before us are Jordan's claims for accounting and co-ownership regarding the sound recordings on the albums, . . .").

The issue is presented for decision through the Motion for Final Summary Judgment [Doc. # 217] filed by Sony BMG Music Entertainment ("Sony"), to which Jordan filed a Response [Doc. # 219], and Sony filed a Reply [Doc. # 220]. Having reviewed the record and applied governing legal authorities, the Court concludes that there are genuine issues of material fact regarding whether the sound recordings on the two albums are the same. As a result, the Court **denies** Sony's Motion for Summary Judgment.

## I.     FACTUAL BACKGROUND

The factual background of this case is set forth fully in the Court's Memorandum and Order [Doc. # 113] entered November 25, 2008, and in the Fifth Circuit's opinion, *Jordan v. Sony BMG Music Entertainment Inc.*, 2009 WL 4609845 (5th Cir. Dec. 8, 2009), and it need not be repeated fully here. Briefly, for purposes of the pending issue, Jordan provided "beats" and served as a producer for the Songs on the 2002 Album, which was released in August 2002. Sony registered the sound recordings on the 2002 Album with the United States Copyright Office in September 2002.

In March 2003, the 2003 Album was released. The 2003 Album also contained the Songs or some version of them. Sony registered the sound recordings on the 2003 Album with the Copyright Office in May 2003.

Jordan claims that he is a co-owner of the sound recordings on the 2003 Album and seeks an accounting from Sony.[2] The case has been remanded for a determination whether the sound recordings on the 2003 Album are the same as those on the 2002 Album. If they are the same, Jordan's claim regarding the 2003 Album is time-barred.[3]

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is proper only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits filed in support of the motion, show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). The moving party bears the burden of demonstrating that there is no evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Nat'l Union Fire Ins. Co. v. Puget Plastics Corp.*, 532 F.3d 398, 401 (5th Cir. 2008).

---

[2] Jordan also claimed co-ownership of the sound recordings on the 2002 Album, but the Fifth Circuit affirmed this Court's holding that the claim as to the 2002 Album is time-barred.

[3] Sony also seeks summary judgment on whether Sony is a co-owner of the sound recordings or only a licensee. For the reasons stated in the Court's prior ruling, there exists a genuine issue of material fact regarding whether Sony is a co-owner or a licensee. *See* Memorandum and Order [Doc. # 113], pp. 32-34. As a result, Sony is not entitled to summary judgment on this issue.

If the moving party meets this initial burden, the burden shifts to the nonmovant to set forth specific facts showing the existence of a genuine issue for trial. *See Hines v. Henson*, 293 F. App'x. 261, 262 (5th Cir. 2008) (citing *Pegram v. Honeywell, Inc.*, 361 F.3d 272, 278 (5th Cir. 2004)). The Court construes all facts and considers all evidence in the light most favorable to the nonmoving party. *Nat'l Union*, 532 F.3d at 401.

## III.  ANALYSIS

The statute of limitations for Copyright Act claims is three years. *See* 17 U.S.C. § 507(b); *Jordan v. Sony BMG*, 2009 WL 4609845 at *3. A copyright claim accrues when the injured party knew or had reason to know of his injury. *Id.* (citing *Pritchett v. Pound*, 473 F.3d 217, 220 (5th Cir. 2006)). Registration of a copyright with the Copyright Office "gives all persons constructive notice of the facts stated in the recorded document." *Id.* (citing 17 U.S.C. § 205(c)). The party asserting the statute of limitations defense bears the burden of persuasion on the issue. *See, e.g., Koch v. Shell Oil Co.*, 52 F.3d 878, 880 (10th Cir. 1995); *Reach Music Publ'g, Inc. v. Warner/Chappell Music, Inc.*, 2009 WL 3496115, *2 (S.D.N.Y. Oct. 23, 2009) (citing *Black v. Coughlin*, 76 F.3d 72 (2d Cir. 1996)). In this case, Jordan's claim of co-ownership of the sound recordings on the 2003 Album accrued when Sony registered

the 2002 Album in September 2002 if, and only if, the sound recordings on the 2003 Album are the same as those on the 2002 Album.

To show that the sound recordings are the same, Sony cites to Jordan's testimony at a hearing before this Court on March 10, 2009. Jordan testified in response to his attorney's questioning that, although lyrics were placed over his sound recordings on the 2003 Album, "[n]obody changed the sound recordings." *See* Rule 104 Hearing Transcript, Exh. 3 to Motion, at 102.

To support his contention that the sound recordings on the 2003 Album are different from those on the 2002 Album, Jordan submits his own affidavit, Exh. 3 to Response, and the affidavit of Anthony Sears, Exh. 4 to Response.[4] Both individuals served as producers on the two albums, and both state that the sound recordings are "not the same or identical." *See* Sears Aff., ¶ 2; Jordan Aff., ¶ 3. Both individuals also note in their affidavits that the length of each Song on the 2002 Album is

---

[4] Sony has filed a Motion to Strike Plaintiff's Declarations ("Motion to Strike") [Doc. # 221]. Sony argues that Jordan's affidavit is an improper attempt to controvert his prior sworn testimony and that Sears's affidavit lacks a valid signature. The Court finds that there is no evidence in the record that Sears's signature on the separate page of the affidavit is not a true, valid signature by Anthony Sears. Indeed, although the font size is larger on the signature page, the substantive information on the signature page is identical to that in the body of the affidavit. As a result, the Court denies the Motion to Strike as to Sears's affidavit.

The Court also denies the Motion to Strike Jordan's affidavit. To the extent that the Court has considered evidence from Jordan's affidavit as cited herein, the evidence is admissible and properly considered.

different from the length of that same Song on the 2003 Album, suggesting that the sound recordings are not identical. Both Sears and Jordan also describe the manner in which sound recordings would have been added to the 2003 Album. They state that the producers of the 2003 Album "would not have derived any sounds from the actual sounds fixed in the 2002 album . . . to prepare new songs." *See* Sears Aff., ¶ 7; Jordan Aff., ¶ 9 ("personnel and producers would [have] gone to independent fixations of sounds not fixed on that 2002 album for the baseline sound recordings used on the 2003 album"). Each also states that the 2002 album tracks "were not long enough or clean enough" to take necessary sampling tracks. *See* Sears Aff., ¶ 9; Jordan Aff., ¶ 11. Each individual also notes that the Songs on the 2003 Album contain different singers and different lyrics. *See* Sears Aff., ¶ 20; Jordan Aff., ¶ 12.[5]

Jordan has presented evidence that raises a genuine issue of material fact regarding whether the sound recordings on the 2002 Album are the same as those on the 2003 Album. As a result, summary judgment on the issue is denied.

## IV. <u>CONCLUSION AND ORDER</u>

Based on the foregoing, it is hereby

---

[5] It seems likely that both parties would have access to the person(s) who actually placed the Songs on the 2003 Album and who would have first hand knowledge of whether the same sound recordings were used on both albums. Nonetheless, neither party has presented evidence from such an individual.

**ORDERED** that Sony's Motion for Summary Judgment [Doc. # 217] and Motion to Strike Plaintiff's Declarations [Doc. # 221] are **DENIED**. The case remains scheduled for a pretrial conference at **1:00 p.m. on April 20, 2010**, at which time the Court will schedule for trial the questions of whether the sound recordings are the same on the two albums and whether Sony is a co-owner or a licensee of the sound recordings on the 2003 Album.

SIGNED at Houston, Texas, this 1st day of **April, 2010**.

_____
Nancy F. Atlas
United States District Judge