## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| MAURICE S. JORDAN, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-1673 |
| | § | |
| SONY BMG MUSIC | § | |
| ENTERTAINMENT, INC., | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

Plaintiff Maurice S. Jordan participated in the creation of the songs *8 Rulez*, *Haters Still Mad*, and *We Ain't Scared* (collectively, the "Songs"). The Songs appeared on a 2002 album, *Undaground Legend* ("2002 Album") and on a 2003 album, *Lil' Flip and Sucka Free Present: 7-1-3 and the Undaground Legend* ("2003 Album"). Plaintiff's co-ownership claim for an accounting was remanded to this Court from the United States Court of Appeals for the Fifth Circuit. The remaining liability issues are whether the co-ownership claim for an accounting is time-barred and whether Defendant Sony BMG Music Entertainment ("Sony") is a co-owner of the Songs with Jordan. If the jury determines that Sony is a co-owner and that the claim is not time-barred, Jordan is entitled to an accounting and payment of a percentage of Sony's profits attributable to its use of the Songs on the 2003 Album.

The case is now before the Court on Sony's Motion to Limit Plaintiff's Testimony [Doc. # 226] seeking limitations on Plaintiff's testimony regarding his alleged damages.  Plaintiff filed a Response [Doc. # 231], Sony filed a Reply [Doc. # 232], and Plaintiff filed a Sur-Reply [Doc. # 233-1].[1]  Having reviewed the record and applied governing legal authorities, the Court concludes the only monetary relief available in the remaining co-ownership claim is an accounting of Sony's profits attributable to its use of the Songs on the 2003 Album.  Plaintiff is not entitled to recover "clearance" or consequential damages on his co-ownership claim.  As a result, the Court **grants in part and denies in part** Sony's Motion to Limit Plaintiff's Testimony.

## I.    FACTUAL BACKGROUND

The factual background of this case is set forth fully in the Court's Memorandum and Order [Doc. # 113] entered November 25, 2008, and in the Fifth Circuit's opinion, *Jordan v. Sony BMG Music Entertainment Inc.*, 2009 WL 4609845 (5th Cir. Dec. 8, 2009), and it need not be repeated fully here.  Briefly, Jordan provided "beats" and served as a producer for the Songs on the 2003 Album.  Jordan's only remaining claim in this lawsuit is that he and Sony are co-owners of the Songs

---

[1]     Plaintiff filed a Motion for Leave to File the Sur-Reply [Doc. # 233], which the Court grants.

on the 2003 Album and, therefore, is entitled to an accounting from Sony and payment of a percentage of the profits attributable to the use of the Songs on the 2003 Album.

## II.   CO-OWNER'S RIGHT TO ACCOUNTING AND SHARE OF PROFITS

"It is widely recognized that a co-owner of a copyright must account to the other co-owners for any profits he earns from the licensing or use of the copyright." *Jordan*, 2009 WL 4609845, at *4. Co-owners of a copyrighted work are to "be treated generally as tenants in common, with each co[-]owner having an independent right to use or license the use of a work, subject to a duty of accounting to the other co[-]owners for any profits." *Davis v. Blige*, 505 F.3d 90, 98 (2d Cir. 2007) (quoting H.R. Rep. No. 94-1476, at 121 (1976)).  "A duty to account to other co-owners arises from 'general principles of law governing the rights of co-owners.'" *Howard v. Weston*, 354 F. App'x 75, 77 (5th Cir. Nov. 13, 2009) (quoting *Quintanilla v. Tex. Television Inc.*, 139 F.3d 494, 498 (5th Cir. 1998)).

Plaintiff argues that he is entitled to recover consequential damages.  Plaintiff argues that he may also recover damages based on amounts he believes Sony paid to other producers on the 2002 and 2003 Albums, damages he refers to as "clearance" payments.  Plaintiff cites no legal authority to support his claim for consequential and "clearance" damages, and the Court is aware of none.  The only claim remaining in this case is Plaintiff's claim that Sony is a co-owner of the Songs on the 2003 Album,

and the only "damages" available if Plaintiff succeeds on that claim is an accounting and payment of a percentage of the profits attributable to the use of the Songs on the 2003 Album.  Sony's Motion to Limit Plaintiff's Testimony as to consequential and "clearance" damages is **granted**.

During this lawsuit, Plaintiff has repeatedly provided – in writing and in oral testimony – a damages calculation for his co-ownership claim regarding the 2003 Album.  Following remand, Plaintiff provided a new calculation of the amount he claims Sony owes him as co-owner of the Songs.  In the new calculation, Plaintiff seeks a flat 3% per accused track amount rather than including in the calculation a recognition that the Songs are only three tracks on a ten-track album.  Plaintiff's new calculation attempts to increase his damages calculation to $129,679.42 from the prior sum of $27,400.82.  Alternatively, Plaintiff acknowledges that the Songs are only three of ten tracks on the 2003 Album, but seeks a 50% "co-ownership interest," raising the damages calculation to $216,132.37.

Sony objects to Jordan's proposed testimony as inappropriate lay testimony offered pursuant to Rule 701 of the Federal Rules of Evidence.  Rule 701 provides that:

> If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the

> determination of a fact in issue, and (c) not based on scientific, technical,
> or other specialized knowledge within the scope of Rule 702.

*U.S. v. Ollison*, 555 F.3d 152, 163 (5th Cir. 2009) (quoting Rule 701). "[T]he distinction between lay and expert witness testimony is that lay testimony results from a process of reasoning familiar in everyday life, while expert testimony results from a process of reasoning which can be mastered only by specialists in the field." *Id.* (quoting *U.S. v. Yanez Sosa*, 513 F.3d 194, 200 (5th Cir. 2008)).

Sony also objects to Jordan's attempt to alter dramatically his damages calculation under the guise of supplemental Rule 26(e) disclosures. Jordan concedes that his calculation has changed, but maintains that the only difference in the new $129,679.42 calculation is that the current calculation is based on a flat 3% royalty per song instead of apportioning the 3% royalty rate to reflect that the Songs are three tracks on a ten-track album.[2] *See* Response, p. 19.

The Court notes that, although the co-ownership and statute of limitations issues are to be tried to a jury, the accounting issues are equitable in nature and are tried to the Court without a jury. *See Siegel v. Warner Bros. Entertainment Inc.*, 581 F. Supp. 2d 1067, 1073-74 (C.D. Cal. 2008) (citing *Gaiman v. McFarlane,* 360 F.3d 644, 648

---

[2]    Jordan's assertion that Sony has "improperly substituted 'profits' for 'revenue'" is contrary to the Fifth Circuit's comment in *Jordan* that a co-owner must account to another co-owner "for any profits" earned from use of the copyright. *Jordan*, 2009 WL 4609845 at *4.

(7th Cir. 2004) (noting that jury returned a verdict on co-owner claim and the court ordered an accounting of profits, which had not yet been completed); *Edward B. Marks Music Corp. v. Wonnell,* 4 F.R.D. 146, 146 (S.D.N.Y. 1944) (striking request for jury trial on accounting of profits between purported co-owners to a song as "usually equitable"); *Goodman v. Lee,* 1994 WL 710738, *1 (E.D. La. Dec. 20, 1994) (accounting of profits between co-owners to song tried before court, not jury); *Merchant v. Lymon*, 1995 WL 217508, *1 (S.D.N.Y. April 11, 1995)).  As a result, if the jury determines that Sony is a co-owner with Jordan of the Songs and that the co-ownership claim is not time-barred, the Court will at that point determine whether Plaintiff's proposed testimony satisfies the requirements of Rule 701 and whether it should be excluded as untimely.

## III.    <u>CONCLUSION AND ORDER</u>

Based on the foregoing, it is hereby

**ORDERED** that Sony's Motion to Limit Plaintiff's Testimony [Doc. # 226] is **GRANTED IN PART AND DENIED IN PART**, as set forth herein.

SIGNED at Houston, Texas, this **28th** day of **May, 2010**.

Nancy F. Atlas
United States District Judge